# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Shepard Jackson,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 09-123 ADM/SRN

---

Andrew Dunne, Esq., Assistant U.S. Attorney, Minneapolis, MN, on behalf of Plaintiff.

Katherine M. Menendez, Esq., Assistant Federal Defender, Minneapolis, MN, on behalf of Defendant.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Shepard Jackson's ("Jackson") Motion for Sentence Reduction ("Motion") [Docket No. 46]. For the reasons set forth below, Jackson's Motion is granted.

## II. BACKGROUND

On August 12, 2009, Jackson pled guilty to distribution of 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). See Sentencing Judgment [Docket No. 42]; Indictment [Docket No. 9]. Jackson was sentenced to 54 months, to be followed by a three-year term of supervised release. Sentencing Judgment. Jackson's initial sentence of 54 months was below the guideline range of 70 to 87 months. Jackson now moves for a sentence reduction under the amended cocaine base guidelines.

## III. DISCUSSION

Under 18 U.S.C. §3582(c)(2), the Court may reduce a prison sentence if the sentencing

range has subsequently been lowered by the United States Sentencing Commission. 18 U.S.C. §3582(c)(2). Jackson's sentence was based on a sentencing range that has been subsequently lowered by the United States Sentencing Commission and made retroactive. On August 3, 2010, the Fair Sentencing Act ("FSA") of 2010 became effective and altered the statutory penalties applicable to cocaine base offenses. Pub. L. No. 111-220, 124 Stat. 2372 (2010). The United States Sentencing Commission adopted several amendments, including Amendment 750, which altered the offense levels in § 2D1.1 of the U.S. Sentencing Guidelines Manual. U.S. Sentencing Guidelines Manual § 2D1.1 (2011). Additionally, the Sentencing Commission gave Amendment 750 retroactive application. See U.S. Sentencing Guidelines Manual § 1B1.10 (2011). Therefore, the Court has authority to reduce Jackson's sentence.

In deciding whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), courts must determine the following: (1) what sentence the court would have imposed if the new sentencing range had been in effect at the time of the original sentencing; and (2) whether to give the defendant the "benefit of that particular reduced sentence," considering the facts in light of the factors listed in 18 U.S.C. § 3553(a). United States v. Hasan, 245 F.3d 682, 684–85 (8th Cir. 2001). These factors include: (1) the nature and circumstance of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. See 18 U.S.C. § 3553(a).

If the new sentencing range had been in effect at the time of Jackson's original

sentencing, the advisory guideline range would have been 46 to 57 months, rather than 70 to 87 months. Considering the facts in light of the § 3553(a) factors, Jackson should receive the benefit of a reduced sentence. Although the mandatory minimum for this offense is 120 months, Jackson qualified for the 2-level safety valve reduction under § 5C1.2 of the Sentencing Guidelines because he had no prior criminal record, did not use violence, did not possess a firearm in connection with the offense, the offense did not result in death or serious bodily injury, and Jackson truthfully provided the government with all the information he had concerning the offense. See 18 U.S.C. § 3553(f); see also U.S.S.G. § 5C1.2. As a result, Jackson was not sentenced to the mandatory minimum. Given these reasons, it is appropriate to give Jackson the benefit of a reduced sentence. Maintaining Jackson's current sentence is not necessary to uphold the seriousness of the offense; reducing Jackson's sentence will still reflect the purpose and goals of sentencing and provide just punishment.

### IV. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jackson's Motion for Sentence Reduction [Docket No. 46] is **GRANTED** as follows:

1. The Defendant's sentence is reduced to 46 months; and

2. All other conditions, including the three-year term of supervised release, shall remain in effect.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 11, 2012.